JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07184-RGK-JC | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Christopher Gentry v. Farfetch.com USA, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On July 14, 2021, Christopher Gentry ("Plaintiff") filed a complaint against Farfetch.com USA, LLC ("Defendant") alleging common law and state statutory claims based on racial discrimination in the workplace. Plaintiff seeks general damages, including lost wages, damages for emotional distress, punitive damages, and attorneys' fees. Defendant removed this action on September 7, 2021 asserting jurisdiction based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involved an amount in controversy that exceeds $75,000. A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, Defendant's Notice of Removal contains one statement alleging that the amount in controversy exceeds $75,000: "The categories of damages actually claimed by Plaintiff, including lost wages, lost benefits, employment opportunities, emotional distress damages, and punitive damages, which if recoverable, would be significantly in excess of the $75,000." (Notice of Removal at 5, ECF No. 1.) To support its statement, Defendant cites Exhibit A, which is Plaintiff's complaint. (*Id.*) Although a "notice of removal 'need not contain evidentiary submissions,'" the allegations of the jurisdictional elements must still be *plausible*. *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (quoting *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (finding same). Here, Defendant's one allegation is not plausible; it is speculative.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07184-RGK-JC | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Christopher Gentry v. Farfetch.com USA, LLC et al* | | |

Because Defendant's allegation has no basis in fact, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the action is **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                      :

Initials of Preparer